United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 03-50385
Summary Calendar

—————————————

RICHARD W. BUTTON,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; ROBERT TAPIA, Warden,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CV-421-PRM
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

On March 30, 1999, Richard W. Button, now federal prisoner #05458-051, was sentenced for conspiracy to possess with intent to distribute marijuana to 120 months' imprisonment and four years' supervised release. At the time Button was arrested and charged with that conspiracy offense, he had been serving an undischarged term of imprisonment for being a felon in possession of a firearm. Button's sentence for the conspiracy offense (hereinafter referred to as "second sentence") was imposed to run

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrently with his sentence for the firearm offense (hereinafter referred to as "first sentence").  He now appeals the district court's denial of his federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, seeking credit on his second sentence for time he spent serving his first sentence.

On appeal, Button argues that he is entitled to credit on his second sentence for the time he had already served on his first sentence pursuant to U.S.S.G. § 5G1.3(b) because:  (1) a "concurrent" sentence under U.S.S.G. § 5G1.3(b) is not simply concurrent with the remainder of the defendant's undischarged sentence but is retroactively concurrent with the full term of the undischarged sentence; and (2) when imposing his second sentence, the district court intended to grant him the credit he now seeks.  Examination of U.S.S.G. § 5G1.3(b) and the accompanying Application Note reveals that Button's first argument lacks merit.  Furthermore, the record contradicts the factual basis of Button's second argument.

Accordingly, the district court's judgment is AFFIRMED.